IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DAVID RICHARD LEE, <br> 8071 <br><br> Plaintiff, <br><br> vs. <br><br> DOUGLAS H. SHULMAN, <br> Commissioner, Internal Revenue Service <br><br> Respondent | Civil Action No. _____ |

## COMPLAINT

Comes now the Plaintiff, David Richard Lee, and files this Complaint, stating as follows:

1. This is an action seeking review and reversal of the Commissioner of the Internal Revenue Service's decision pursuant to I.R.C. §6511(a) to deny Plaintiff, who had a major stroke in 2005, a refund for tax year 2004, when the applicable exception under I.R.C. §6511(h) extends the statute of limitation in cases of financial impairment caused by physical or mental impairment.

### Jurisdiction and Venue

2. Plaintiff has exhausted all administrative remedies in this matter ( See attached Determination Letter from the Internal Revenue Service Appeals Office, attached as Exhibit 1) and the United States Court for the Western District of Tennessee, Western Division, is the District Court of the United States in which the Plaintiff resides. He has

paid the tax in full (See attached Receipt, attached as Exhibit 2). Therefore, this Court has jurisdiction and venue to review this action pursuant to I.R.C. §1340 and I.R.C. §7421(a).

## Parties

3. Plaintiff, DAVID LEE, is a citizen of the State of Tennessee and of the United States and an adult resident of Cordova, Tennessee, In Shelby County.

4. Defendant, DOUGLAS SHULMAN, is the Commissioner of Internal Revenue Service, an independent federal agency. The agency has full power over collecting taxes for the United States government.

## Statement of Facts

5. Plaintiff complains of a decision which in whole or in part adversely affects him. The decision has become the final decision of the Commissioner of Internal Revenue for purposes of judicial review:

6. Plaintiff filed an original return 2004 tax return on January 30, 2006, a return that contained numerous errors.

7. Plaintiff filed an amended return June 14, 2010, which corrected the original errors and changed his filing status from married filing separately to married filing jointly.

8. The claim to change Plaintiff's filing status was barred by the statute of limitations pursuant to IRC §6013(b)(2)(A), according to the determination letter dated August 31, 2011.

9. The claim for refund of taxes assessed based on errors in the original return was also denied pursuant to IRC §6511(a) and no exception for financial disability was granted pursuant to IRC §6511(h).

10. The Plaintiff had a major stroke at the beginning of tax year 2005.

11. Plaintiff continues to suffer cognitive and physical impairment due to the 2005 stroke.

12. Plaintiff is currently disabled and receives Social Security Disability benefits as a result of the cognitive and physical impairment brought on by the 2005 major stroke.

13. The Plaintiff was employed briefly and had gambling income from years 2005 through 2009.

14. The IRS determination states that because the Plaintiff was "capable of employment and had gambling income from year 2005 through 2009...[Plaintiff was] able to hand [his] financial affairs." Therefore, the Plaintiff's claim for refund was denied.

## Claim for Relief

15. The ruling of the Internal Revenue Service was arbitrary, capricious, contrary to law and not supported by substantial evidence.

16. The Defendant failed to properly evaluate the cognitive skill required to properly file an income tax return.

17. The Defendant failed to properly evaluate the nature and extent of Plaintiff's disability.

18. The Defendant made a faulty assumption that the employment and gambling winnings of 2005 through 2009 were dispositive of the issue of whether the Plaintiff was financially disabled as outlined under IRC §6511(h).

WHEREFORE, Plaintiff requests that this Court issue and order and judgment:

1. Reviewing the decisions of the Commissioner in denying a refund for tax year 2004; and all interest and penalties associated therewith.
2. Directing the payment of the 2004 refund directly to Plaintiff;
3. Directing the payment of attorney fees.

_David R. Lee_
David R. Lee, Plaintiff
345 Bluffside Point
Memphis, TN 38018
Phone: (901) 857-7706