IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| DAVID RICHARD LEE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. 12-2529-JTF-dkv |
| DOUGLAS H. SHULMAN, Commissioner Internal Revenue Service, | ) | |
| Defendant. | ) | |

_____

REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS
_____

The plaintiff, David Richard Lee, proceeding *pro se*, filed a complaint on July 2, 2012, pursuant to 26 U.S.C. § 7422, seeking a refund of federal income taxes for the taxable year ending December 31, 2004, penalties associated therewith, and interest. (Compl., D.E. 1.) Before the court is the September 12, 2012 motion of the defendant, Douglas H. Shulman, pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Lee's complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted. (Mot. to Dismiss, D.E. 7.) Lee filed a response in opposition, (Pl.'s Brief in Supp. of Resp., D.E. 8), and an amended complaint naming the United States, instead of Shulman, as defendant. (Am. Compl., D.E. 9.) Shulman did not file a reply, and the time for a reply has expired. The motion was

referred to the United States Magistrate Judge for a report and recommendation. For the reasons set forth below, it is recommended that Lee's amended complaint be stricken and Shulman's motion to dismiss be granted.

I. PROPOSED FINDINGS OF FACT

All facts are taken from the complaint.[1] On January 30, 2006, Lee filed an individual income tax return for the tax year 2004 under the filing status of married filing separately. On June 14, 2010, Lee filed an amended 2004 tax return in which he claimed a refund in taxes based on errors in the original return, which he corrected in the amended return. In the amended return, Lee also sought to change his filing status from married filing separately to married filing jointly. By determination letter dated August 31, 2011, the Internal Revenue Service ("IRS") denied Lee's request to change his filing status because it was too late to do so based on the statute of limitations in 26 U.S.C. § 6013(b)(2)(A). The IRS also denied his claim for refund of taxes because the claim was untimely and because Lee did not qualify for a late refund request for financially disabled taxpayers under 26 U.S. C. § 6511(h). Lee then filed the instant lawsuit in which he challenges the IRS's

---

[1] For the purposes of ruling on a motion to dismiss, the court accepts as true well-pleaded factual allegations in the complaint. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2010).

2

determination that he did not qualify for the financial-disability exception.

Lee had a major stroke at the beginning of 2005 that resulted in cognitive and physical impairment. He currently receives Social Security Disability benefits. He was employed briefly and had gambling income from 2005 through 2009.

## II. PROPOSED CONCLUSIONS OF LAW

In his complaint, Lee claims the IRS's ruling was arbitrary, capricious, contrary to law, and not supported by substantial evidence. Specifically, Lee alleges that the defendant Shulman failed to properly evaluate Lee's cognitive skills and the nature and extent of his disability. Lee further claims the defendant Shulman made a faulty assumption that his employment and gambling winnings of 2005 through 2009 were dispositive of whether he was financially disabled.

A. <u>Subject Matter Jurisdiction</u>

Shulman claims the court lacks subject matter jurisdiction in this case. When a defendant challenges the court's subject matter jurisdiction by a motion to dismiss, the plaintiff has the burden to establish that the court has proper jurisdiction. *Moir v. Greater Cleveland Reg'l Transit Auth*., 895 F.2d 266, 269 (6th Cir. 1990); *Rogers v. Stratton Indus*., Inc., 798 F.2d 913, 915 (6th Cir. 1986).

3

A federal district court has jurisdiction over "[a]ny civil action against the *United States* for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." 28 U.S.C. § 1346(a)(1)(emphasis added). A suit or proceeding in any court for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected "may be maintained only against the United States and not against any officer or employee of the United States." 26 U.S.C. § 7422(f)(1). The only defendant Lee named in his original complaint for a tax refund was Douglas H. Shulman, the Commissioner of the Internal Revenue Service.

It is elementary law that the United States is immune from suit unless it expressly waives its sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). "The terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id*. The United States' sovereign immunity extends to government officers and agencies. *Drake v. Panama Canal Comm'n*, 907 F.2d 532, 534 (5th Cir. 1990). Thus, the court has subject matter jurisdiction over tax-refund suits against the United States but lacks subject matter jurisdiction over a tax-refund suit against Shulman. Because Lee only sued Shulman, the court lacks subject matter jurisdiction over his claim against Shulman.

4

B.  Lee's Amended Complaint

On October 10, 2012, Lee filed an amended complaint naming the United States as the sole defendant. In his response to the motion to dismiss, Lee argues that his lawsuit should not be dismissed because the court now has subject matter jurisdiction. The United States argues it would be futile to allow Lee to amend his complaint to name the United States as a defendant because the court still lacks subject matter jurisdiction in that Lee cannot meet the requirements for waiver of sovereign immunity.

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED R. CIV. P. 15(a)(1)(A)-(B). Otherwise, a party may "amend its pleading only with the opposing party's written consent or the court's leave." FED R. CIV. P. 15(a)(2).

Lee did not file his amended complaint within 21 days of Shulman's motion to dismiss nor did he obtain the written consent of Shulman or leave of court to file an amended complaint. Shulman's Rule 12(b) motion to dismiss was filed

5

with the court on September 12, 2012, and mailed to Lee by first-class mail that day. Twenty-one days expired on Wednesday, October 3, 2012. Because service of the motion was made by mail, an additional three days are added to the 21-day period. Plus, since the last day of the three-day period fell on a Saturday, the three-day period continued to run until the end of the next day that is not a Saturday, Sunday, or holiday. Monday, October 8, 2012, was a federal holiday. Therefore, the amended complaint had to be filed on Tuesday, October 9, 2012, to be timely. It was not received by the Clerk's office until Wednesday, October 10, 2012, and thus, was untimely filed and should be stricken.

C. Futility of Amendment

Leave to amend the complaint to add the United States as a defendant should not be granted because it would be futile. Rule 15(a) provides that the court should freely give leave when justice so requires. Under Rule 15(a), the court has discretion in allowing amendments. *Robinson v. Mich. Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990)("Decisions as to when justice requires amendment are left to the sound discretion of the trial judge."). Factors to consider include prejudice to the opposing party, movant's bad faith or dilatory motive, undue delay, and futility of amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A motion for leave to amend may be denied for futility

if the pleading as amended could not withstand a motion to dismiss. *Midkiff v. Adams County Reg'l Water Dist.,* 409 F.3d 758, 767 (6th Cir. 2005)(citation omitted). In this case, the amended complaint would not survive a motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim.

1. <u>Lack of Subject Matter Jurisdiction</u>

By statute, 26 U.S.C. § 7422, the United States has waived its sovereign immunity from suit by taxpayers seeking tax refunds only "for claim[s] for refund . . . duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." The Supreme Court explained:

> A taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government either in United States district court or in the United States Court of Federal Claims. The Internal Revenue Code specifies that before doing so, the taxpayer must comply with the tax refund scheme established in the Code. That scheme provides that a claim for a refund must be filed with the Internal Revenue Service (IRS) before suit can be brought, and establishes strict timeframes for filing such a claim.

*United States v. Clintwood Elkhorn Mining Co.,* 553 U.S. 1, 4 (2008)(internal citations omitted). To bring a suit for refund, the taxpayer must have timely filed an administrative claim for refund with the IRS within the appropriate limitations period or establish financial disability under 26 U.S.C. § 6511(h) to qualify for a late refund request. "Timely filing of a refund

7

claim [is] a jurisdictional prerequisite to bringing suit in a federal district court." *Comm'r v. Lundy*, 516 U.S. 235, 240 (1996); s*ee also Whitney v. United States*, 920 F. Supp. 41, 43 (W.D.N.Y. 1995).

A taxpayer may change his filing status from married filing separately to married filing jointly within three years of the due date for the return. 26 U.S.C. §6013(b)(2)(A). Lee's 2004 tax return was due on April 15, 2005. Lee's deadline for filing an amended return changing his status was three years later, that is April 15, 2008. Lee asserts in the amended complaint that he filed his amended return for 2004 on June 14, 2010, over two years after the deadline for changing his filing status. Thus, Lee failed to timely seek to change his filing status, and the IRS properly denied his request to do so.

Lee is not entitled to an extension of the time period for changing his filing status on account of financial disability under 26 U.S.C. §6511(h) because that statute does not apply to the time period for changing filing status. Section 6511(h) provides that "[i]n the case of an individual, the running of the periods specified in (a), (b), and (c) [of Section 6511] shall be suspended during any period of such individual's life that such individual is financially disabled." 26 U.S.C. § 6511(h)(1). By its plain language, Section 6511(h) applies only to the limitations periods set forth in Section 6511(a) (filing

a claim for refund of an overpayment of tax), Section 6511(b) (allowance of credits and refunds), and Section 6511(c) (extensions by agreement.) It does not apply to the three-year limitations period in 26 U.S.C. § 6013(b)(2)(A) for changing filing status.

More importantly, Lee failed to timely file an administrative claim for refund on his 2004 income tax return. Under 26 U.S.C. §6511(a), a "[c]laim for credit or refund of an overpayment of any tax . . . shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later." 26 U.S.C. §6511(a). On January 30, 2006, Lee filed his individual income-tax return for the tax year 2004 under the filing status of married filing separately. Lee filed his amended return claiming a tax refund on June 14, 2010, more than three years after his original return was filed, and it was therefore properly denied as untimely.

Lee's amended complaint fails to allege that he submitted the necessary proof for an extension of the limitations period based on financial disability under Section 6511(h).[2] According to procedures established by the IRS, a taxpayer seeking to establish financial disability must submit, with his claim for

---

[2] Attached to the government's motion is the declaration of Caroline Krivacka, Senior Attorney IRS, which states that she has reviewed Lee's file, and it does not contain these statements.

9

refund, a written statement by a physician setting forth the physician's opinion that a "physical or mental impairment prevented the taxpayer from managing the taxpayer's financial affairs" and a written statement by the taxpayer that no one "was authorized to act on his behalf." Rev. Proc. 99-21, 1999-1 C.B. 960, 1999 WL 185188. Section 6511(h) specifically provides that "[a]n individual shall not be considered to have such an impairment [financial disability] unless proof of the existence thereof is furnished in such form and manner as the Secretary may require." 26 U.S.C. § 6511(h)(2)(A). Because Lee did not submit the statements, Lee cannot establish that he was entitled to an extension of the limitations period because of financial disability in order to qualify for a late refund request.

The allegations in the amended complaint fail to show that Lee made a timely claim for a refund, and accordingly, the court lacks subject matter jurisdiction over an amended complaint against the United States. In his response to the motion to dismiss, Lee argues that the August 31, 2011 denial letter he received from the IRS entitles him to pursue this action in district court, essentially arguing that the letter somehow waived sovereign immunity. This argument has been rejected by at least one court, and the reasoning of that court is persuasive and adopted. *See Whitney*, 920 F. Supp. at 43. As that court pointed out, "The letter . . . merely advises the

taxpayer that the administrative claim has been denied and the parties may pursue whatever remedies they have in the United States District Court . . . . There is no mention whatsoever of jurisdictional issues, let alone an express waiver of any related defenses." *Id*. It is recommended that the case be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

2. Failure to State a Claim

Even if the court had subject matter jurisdiction over the amended complaint, the amended complaint fails to state a claim upon which relief can be granted. In assessing whether the amended complaint states a claim upon which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 566 U.S. 662, 677–79 (2009).

Here, the allegations in the amended complaint show that Lee failed to timely file an administrative claim for refund. The amended complaint fails to allege sufficient facts to establish that he qualified for an extension under Section 6511(h) for a late filed refund request or that he was wrongfully denied an extension. Therefore, Lee fails to state a claim for a tax refund in the United States District Court. Accordingly, it is also recommended that the case be dismissed for failure to state a claim under Rule 12(b)(6).

11

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the United States' motion to dismiss be granted.

Respectfully submitted this 5th day of April, 2013.

<pre>
                              s/ Diane K. Vescovo
                              Diane K. Vescovo
                              United States Magistrate Judge
</pre>

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.